```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x

PERRY FRANCIS,

            Plaintiff,                  MEMORANDUM & ORDER
                                        20-CV-5863(EK)(LB)
      -against-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION; JPMORGAN CHASE BANK;
CEO HUGH R. FRATER; CFO CELESTE
MELLET BROWN; and CEO JAMES DIMON,

            Defendants.

----------------------------------x
```

ERIC KOMITEE, United States District Judge:

  Plaintiff Perry Francis brings this action *pro se* against Federal National Mortgage Association ("Fannie Mae"), JPMorgan Chase Bank ("JPMorgan Chase"), and certain of these companies' chief executives. His claims arise from the foreclosure of a property in Queens, New York. For the reasons that follow, the amended complaint is dismissed.[1] Plaintiff is directed to file a second amended complaint within thirty days.

### I. Background

  Plaintiff's amended complaint is over 600 pages long and consists mainly of attachments, making it difficult to parse the facts and identify legal claims. It is evident, however,

---

[1] The operative complaint in this action is the amended complaint, filed on January 5, 2021 after certain of the Defendants requested leave to file a motion to dismiss. ECF No. 8.

1

that this action relates to the foreclosure of a property located at 169-06 Linden Boulevard (the "property") in Queens, New York, which was owned by Alfredo and Williette M. Francis. Ms. Francis is now deceased. It appears that in 2015, JPMorgan Chase assigned the mortgage on the property to Fannie Mae. Fannie Mae then filed a foreclosure action against the unnamed "heirs-at-large" of Williette Francis in New York State Supreme Court, County of Queens. *Id.* at 58, 67-68. Although Plaintiff has the same last name as Williette Francis, their relationship is not apparent from the amended complaint; nor does the complaint allege any interest of Plaintiff's in the mortgage at issue.

Read liberally, the amended complaint alleges that in connection with the assignment of the mortgage, Defendants failed to provide certain mortgage-transfer disclosures required by the Truth in Lending Act, 15 U.S.C. § 1641(g), and its implementing regulation, Regulation Z, 12 C.F.R. part 226. As a result, Plaintiff claims, the Defendants "committed fraud" in bringing the foreclosure action because Fannie Mae "never owned" the mortgage. The complaint can also be read to assert several claims under the federal criminal code, and, without further explanation, Plaintiff lists 42 U.S.C. § 1983 as a cause of action. In addition, throughout the complaint, Plaintiff

2

alleges that Defendants violated various provisions of the Uniform Commercial Code.

Plaintiff claims that he is "not taking action in federal court to stop or argue the pending foreclosure." *Id.* at 14 ("[Defendants] can have the property, but they must be held accountable for their fraudulent actions."). However, Plaintiff does request that "all mortgage(s) [be] cleared on the grounds of fraudulent concealment." *Id.* In addition, he seeks eleven million dollars in damages. *Id.*

## II. Discussion

The Court must construe *pro se* pleadings broadly and interpret them to raise the strongest arguments that they suggest. *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000). Nevertheless, the Court has the inherent power to dismiss any claim as "frivolous" when the "factual contentions are clearly baseless" or the claim is "based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). In addition, the Court has an obligation to examine its subject matter jurisdiction *sua sponte* and must dismiss where jurisdiction is lacking. *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983).

**A.  Standing**

Standing is "the threshold question in every federal case," and it implicates the Court's subject matter jurisdiction. *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008). To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). At the pleading stage, a plaintiff must allege facts demonstrating each element. *Id.*

Here, Plaintiff fails to allege how he was personally injured by the Defendants' alleged conduct. He does not explain his relationship to the mortgage-holder, Williette Francis, or claim to be her heir. Without an articulated interest in the mortgage or the property in question, Plaintiff has not alleged a personal injury that could be redressed by a favorable decision of this Court. *See, e.g., Hernandez v. Calber Home Loans*, No. 16-CV-3755, 2016 WL 4764960, at *2 (S.D.N.Y. Aug. 19, 2016), *R. & R. adopted* 2016 WL 4750182 (S.D.N.Y. Sept. 12, 2016) (dismissing without prejudice where *pro se* plaintiff did not show that she personally had standing to assert claims regarding mortgage loan). In deference to Plaintiff's *pro se* status, the

Court grants Plaintiff thirty days from the date of this Order to amend his complaint to plead standing.

**B.   Causes of Action Based in Federal Criminal Law**

The amended complaint also alleges that Defendants violated criminal statutes including 18 U.S.C. § 1341 (wire fraud), 18 U.S.C. § 1348 (securities and commodities fraud), 18 U.S.C. § 241 (conspiracy against rights), and 18 U.S.C. § 242 (deprivation of rights under color of law).  Generally speaking, violations of Title 18 do not provide a basis for a civil cause of action.  *See, e.g.*, *Hill v. Didio*, 191 Fed. Appx. 13, 14 (2d Cir. 2006).  No private right of action exists under the criminal statutes that Plaintiff has invoked.  Accordingly, all counts under such statutes are dismissed with prejudice.  In addition, because the amended complaint asserts no factual allegations against Hugh Frater, Celeste Brown, or James Dimon, and alleges only criminal causes of action against them, these defendants are dismissed.

**C.   Cause of Action under Section 1983**

Plaintiff also cites 42 U.S.C. § 1983 in his complaint.  Section 1983 imposes liability for constitutional deprivations caused by state actors and generally cannot be applied to the actions of private individuals or private organizations.  *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  "[T]he under-color-of-state-law element

5

of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* (internal quotations omitted).  Plaintiff does not allege any state action or bring this case against any New York State actors. Therefore, any claim under Section 1983 is dismissed.

### III. Conclusion

Accordingly, the amended complaint is dismissed and the claims brought under the listed criminal statutes are dismissed with prejudice.

However, the Court grants the *pro se* Plaintiff thirty days from the date of this Order to file a second amended complaint that is consistent with this Order.  In the second amended complaint, Plaintiff should state whether he is an heir to Williette Francis, state the status of the foreclosure action (as well as of any other state court proceeding related to the property), and attach relevant state court documents, if available.  Plaintiff is informed that the second amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and set forth the facts in a clear and comprehensible manner.  Plaintiff shall separate and identify claims so that it is clear what claims are being presented against which defendant(s).

The second amended complaint must be captioned "Second Amended Complaint" and bear the same docket number as this

6

Order.  If Plaintiff fails to file a second amended complaint within the time allowed, or if the second amended complaint fails to cure the deficiencies noted herein, the action may be dismissed.

In the event that Plaintiff elects to proceed *in forma pauperis* on appeal from this Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken in good faith and therefore denies *in forma pauperis* status.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

      /s Eric Komitee
      ERIC KOMITEE
      United States District Judge

Dated:    March 15, 2021
          Brooklyn, New York