```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

PERRY FRANCIS,

                    Plaintiff,              MEMORANDUM & ORDER
                                             20-CV-5863(EK)(MMH)
         -against-

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
JP MORGAN CHASE BANK, N.A., HUGH R.
FRATER, CELESTE MELLET BROWN, et al.,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        The Court has received Magistrate Judge Henry's Report and Recommendation (R&R) dated March 30, 2023. ECF No. 48. Judge Henry recommends that I grant the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction as to some claims, and under Rule 12(b)(6) for failure to state a claim as to the remaining claims. Further, Judge Henry recommends that I deny Plaintiff's petition for a temporary restraining order as moot. Plaintiff filed a short letter objecting to the R&R, which the Court received on April 24. Given Plaintiff's *pro se* status, the Court deems that filing timely. Nevertheless, as noted below, Plaintiff's letter made no specific objection to the R&R.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court reviews *de novo* those portions of an R&R to which a party has *specifically* objected. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).

When considering the objections of a *pro se* litigant, the Court interprets those objections to raise the strongest arguments that they suggest. *See Spaulding v. N.Y.C. Dep't of Educ.*, 407 F. Supp. 3d 143, 144 (E.D.N.Y. 2017). As to the portions of the R&R to which no party has sufficiently objected, the Court reviews for clear error on the face of the record. *See* Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *accord State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

Here, Plaintiff identifies no specific portion of the R&R that is supposedly erroneous; instead, he asserts — without any specific basis — that the R&R "ignore[s] the defendant's violation of the law." ECF No. 49 at 1. That is not a sufficient objection to alter the standard of review under Rule

2

72 and the applicable case law.  Thus, I have reviewed the R&R for clear error and found none, and now adopt the R&R in its entirety.

      Accordingly, the defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6) is granted, and Plaintiff's petition for a temporary restraining order is denied as moot.  The Clerk of Court is respectfully directed to enter judgment and close this case.

      SO ORDERED.

                                        /s/ Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge

Dated:    September 22, 2023
           Brooklyn, New York